IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM LEWIS GANAS, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL NO: 1:13-cv-0077-WLS |
| | : | |
| GEORGIA DEPARTMENT OF CORRECTIONS, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

Plaintiff **WILLIAM LEWIS GANAS**, a prisoner currently confined at Autry State Prison, filed a *pro se* civil lawsuit in this Court. In his Complaint, Plaintiff alleges that the Georgia Department of Corrections has failed to provide him with adequate medical care for a deteriorating disk in his back. The Complaint, however, fails to identify any individual who denied Plaintiff medical care or who could otherwise be held responsible for the alleged denial. The only named defendant in this case is the Georgia Department of Corrections. A state and its agencies (such as the Georgia Department of Corrections) are not "persons" who may be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); see also, Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections . . . .").

There is nothing in Plaintiff's Complaint which suggests that he intended to sue an individual defendant. Plaintiff makes no allegations of wrongdoing on the part of any particular healthcare provider or administrator. Even if the Court gave Plaintiff the opportunity to amend his Complaint so as to name a corrections official, such as Commissioner Brian Owens, as defendant in lieu of the Department of Corrections, the amendment would likely be futile. A

prisoner may not state a claim based upon a theory of respondent superior or vicarious liability under § 1983. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).   Negligent conduct by prison officials is also not actionable under §1983. Daniels v. Williams, 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986); Hernandez v. Fla Dept. of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim . . . .").

Plaintiff's Complaint is therefore **DISMISSED *without prejudice***,[1] pursuant to 28 U.S.C. §1915A, for failure to state a claim.   In the event that Plaintiff knows or learns the names of the individuals involved in his medical care *and* he wishes to bring a claim against one or more of these people, he may file a new §1983 action in the appropriate venue.

Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED**[2] only for the purpose of this dismissal.   Plaintiff's Motion for the Appointment of Counsel (ECF No. 5) is **DENIED**.

**SO ORDERED**, this   13th   day of May 2013.

/s/ W. Louis Sands
W. Louis Sands, Judge
UNITED STATES DISTRICT COURT

---

[1] See Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice."); see also, Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*."(emphasis in original)).

[2] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff had no strikes for the purposes of 28 U.S.C. § 1915(g) prior to this filing.